STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KHUU



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KHUU

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KHUU
2020 OK 82
Case Number: SCBD-6946
Decided: 10/05/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 82, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 


 

State of Oklahoma ex rel. Oklahoma Bar Association, Complainant.

Tuan Anh Khuu, Respondent.
ORDER

¶1 The State of Oklahoma, ex rel. Oklahoma Bar Association (Complainant) by and through its First Assistant General Counsel Loraine Dillinder Farabow, has presented this Court with an application to approve the resignation of Tuan Anh Khuu (Respondent), OBA No. 17307, from membership in the Oklahoma Bar Association. Respondent seeks to resign pending disciplinary proceedings and investigation into his alleged misconduct, as provided in Rule 8, Rules Governing Disciplinary Proceedings (RGDP) , 5 O.S. 2011, ch. 1, app. 1-A which provides in Rule 8.2:
Upon receipt of the required affidavit, the Commission shall file it with the Clerk of the Supreme Court and the Supreme Court may enter an order approving the resignation pending disciplinary proceedings.
Upon consideration of the Complainant's Application for Order Approving Resignation Pending Disciplinary Proceedings (Application) and Respondent's Affidavit of Resignation Pending Disciplinary Proceedings (Affidavit) in support of resignation, we find:


1) On July 9, 2020, following the Complainant's investigation of multiple professional misconduct allegations, Respondent submitted his written Affidavit of Resignation from membership in the Oklahoma Bar Association pending investigation of a disciplinary proceeding.
2) Respondent's Affidavit of resignation reflects that:
i) the affidavit was freely and voluntarily rendered;
ii) he was not subjected to coercion or duress; and
iii) he was fully aware of the consequences of submitting the resignation.
3) Respondent states that although he is aware that the resignation is subject to the approval of the Oklahoma Supreme Court, he will treat it as effective on the date of filing his resignation. Respondent outlines the grievances which are under investigation by the General Counsel of the Oklahoma Bar Association as follows:
(a) DC 19-147: Grievance by Joseph Dingal: alleging that I solicited Mr. Dingal to marry a woman in Vietnam so that she could become a United States Citizen through an Introduction Service located in Vietnam. Mr. Dingal alleges I promised to pay him $25,000.00 if he married the woman and she applied for United States Citizenship. Mr. Dingal alleges he was paid to fly to Vietnam and that once he met his intended wife, they fell in love and married. Mr. Dingal further alleges I made numerous misrepresentations and bilked his wife for thousands of dollars.
(b) DC 19-158: Grievance by Wilson Ho: alleging that I was hired in January of 2017 to represent Mr. Ho and his family in a personal injury case and that, despite the case settling in April of 2018, Mr. Ho and his family have not received their portion of any settlement funds. Ho also alleges I failed to promptly communicate with him and that I failed to diligently conclude his legal matter.
(c) DC 19-218: Grievance by J. Cruz Godinez: alleging that I neglected to diligently handle a case involving the deaths of Mr. Godinez's two nephews who died in a motor vehicle accident. Said grievance alleges that I failed to promptly distribute the $60,000.00 settlement funds in each case. The Office of the General Counsel alleges that during its investigation of grievances filed against me, I failed to provide my IOLTA bank statements as requested and that when I finally provided those records, my trust account records indicated that the funds from this settlement were not maintained and safekept as required by Rule 1.15, ORPC. The Office of the General Counsel also alleges that on June 15, 2020, check #2037, written from my client trust account in the amount of $12,016.00, failed to clear. The Office of the General Counsel further alleges it learned that a second check was issued by my office to Mr. Godinez which did clear.
(d) DC 19-193: Grievance by David Tran: alleging that I neglected to diligently disburse settlement funds from Mr. Tran's personal injury case despite him having signed a release and satisfaction over a year ago. Said grievance also alleges I failed to communicate with my client. The Office of the General Counsel further alleges I failed to timely respond to Mr. Tran's grievance and that I misrepresented that I had mailed Mr. Tran a settlement check in the amount of $1,159.00 on April 15, 2020, by certified mail.
(e) DC 20-103: Grievance by Geraldine Steil: alleging that I failed to properly respond to requests for information from Ms. Steil regarding distribution of approximately $30,000.00 in settlement funds following a mediation in December of 2019. The Office of the General Counsel alleges that during its investigation of grievances filed against me, I failed to provide my IOLTA bank statements as requested and that when I finally provided those records, my trust account records indicate that the funds from this settlement had not been maintained and safekept as required by Rule 1.15, ORPC.
(f) DC 20-107: Grievance by Benito Rodriguez: alleging that I failed to repeatedly and promptly communicate with Ms. Rodriguez despite multiple requests for information as to the distribution of approximately $50,000.00 in settlement funds. The Office of the General Counsel alleges that during its investigation of this grievance, I failed to provide my IOLTA bank statements as requested and that when I finally provided those records, my trust account records indicate that the funds from this settlement had not been maintained and safekept as required by Rule 1.15, ORPC.
(g) DC 20-110: Grievance by General Counsel: alleging that the Office of the General Counsel received a letter from Chase Bank indicating that my IOLTA trust account was overdrawn by $150.00 on March 16, 2020. The Office of the General Counsel alleges that I misrepresented that my trust account overdraft was caused by an error resulting from his law firm changing its name and opening a new IOLTA account and that I failed to timely provide my trust account records despite multiple requests to do so. The Office of the General Counsel further alleges that once I provided a portion of my trust account records on June 15, 2020, my IOLTA bank statements show that on June 10, 2020, an online transfer for $155,000.00 from a personal checking account (ending in 5820) was made to my trust account.
(h) DC 20-110: Grievance Teresa Boye: alleging that my office neglected Ms. Boye's personal injury case and failed to timely communicate, despite repeated requests by Ms. Boye for information as to the status of her case.
(i) DC 20-112: Grievance by Thuan Tran: alleging that I neglected to promptly provide settlement funds of approximately $3,520.64 to my client despite Mr. Tran having approved and signed a settlement schedule several months earlier. Said grievance also alleges I failed to promptly communicate with my client's requests for information as to the status of his case. The Office of the General Counsel further alleges that during its investigation of this matter, I misrepresented that I had mailed a settlement check to my client and that the matter was resolved with Mr. Tran.
(j) DC 20-113: Grievance by Vanna Nguyen: alleging that I failed to promptly communicate with Ms. Nguyen about the status of her personal injury settlement. Said grievance also alleges that I failed to pay Ms. Nguyen and a medical provider their share of settlement proceeds for several months.
(k) DC 20-114: Grievance by Jerry Ellis: alleging that I failed to promptly communicate with Mr. Ellis and disburse settlement funds in his case. The Office of the General Counsel alleges that, during its investigation of this grievance, I made misrepresentations regarding the status of Mr. Ellis' case and settlement.
(l) DC 20-118: Grievance by Neuyet Ha: alleging that I failed to promptly communicate with Ms. Ha's requests for information as to the status of approximately $3,966.66 in settlement funds she was to receive from her personal injury settlement. The Office of the General Counsel alleges that in its investigation of this grievance, I made misrepresentations regarding efforts to meet with and provide Ms. Ha her settlement funds.
4) Respondent is aware that, if proven, the allegations concerning his conduct as set forth in the above-stated grievances, would constitute violations of Rule1.3 and 5.2 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2011, ch. 1, app. 1-A and Rules 1.15 and 8.1(a), (b), (c), and (d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2011, ch.1, app. 3-A, and his oath as an attorney.
5) Respondent is aware that the burden of proof regarding the allegations set forth in paragraph 3 (a)-(l) supra rests with Complainant but, Respondent waives any and all rights to contest the allegations.
6) An attorney, who is the subject of an investigation into, or a pending proceedings involving allegations of misconduct, may resign membership in the Oklahoma Bar Association by complying with the prerequisites for resignation set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, ch. 1, app. 1--A. In response, the Supreme Court may enter an order approving the resignation or, in the alternative, may refuse to approve the resignation and allow the Professional Responsibility Commission to proceed.
7) Respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, ch. 1, app. 1--A, and it should be approved.
8) The official roster address of Respondent as shown by the Oklahoma Bar Association records is: 6508 NW 127th Street, Oklahoma City, Oklahoma 73142.
9) Respondent is unable to locate his Oklahoma Bar Association membership card, but offers to immediately destroy if it is located.
10) Respondent acknowledges that Complainant has incurred costs in the investigative pursuit of this matter in the amount of $6.90 and agrees to reimburse said costs within 30 days from the date of this order.
11) Respondent acknowledges that:
a) his actions may result in claims against the Client Security Fund and he agrees to reimburse the Fund for any disbursements made because of his actions prior to the filing of any application for reinstatement; and
b) he has familiarized himself with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, ch. 1, app. 1--A with which he agrees to comply within twenty (20) days following the date of his resignation.
¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the resignation of TUAN ANH KHUU, pending disciplinary proceedings, be approved with costs imposed in the amount of $6.90 which will be paid within 30 days.
¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the name of Tuan Anh Khuu be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the Respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, ch. 1, app. 1--A, the Respondent shall notify all of his clients having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the Respondent shall be a condition of reinstatement. No additional costs are imposed.
¶ 4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 5th DAY OF October, 2020.

/S/CHIEF JUSTICE
ALL JUSTICES CONCUR




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA